IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-1081-BO-BM

LAURA REYNOLDS,                         )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )    ORDER
                                        )
GOSHEN MEDICAL CENTER, INC.,            )
                                        )
            Defendant.                  )

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Brian Meyers. [DE 28]. Neither party has filed any objection to the memorandum and recommendation (M&R), and the time for doing so has passed. In this posture, the matter is ripe for disposition. For the reasons that follow, the M&R is adopted in full.

## BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendant alleging discrimination and retaliation under the Americans with Disabilities Act (ADA) and violations of North Carolina state law regarding discrimination against the disabled. Plaintiff's claims arise from her employment by defendant as a pharmacist. Plaintiff alleges discriminatory or otherwise unlawful actions related to her cerebral palsy. Defendant has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff responded to the motion to dismiss, and defendant filed a reply.

The M&R recommends granting in part and denying in part defendant's motion to dismiss. Magistrate Judge Meyers recommends dismissal of plaintiff's state law claims, hostile work environment claim, and constructive discharge claim. Magistrate Judge Meyers recommends that

the motion to dismiss be denied as to plaintiff's ADA claims for disparate treatment, failure to accommodate, and retaliation.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

As discussed above, neither party has filed any objection to the M&R, and the Court thus reviews it for clear error. Finding none, the Court adopts the M&R in full.

## CONCLUSION

Accordingly, for the foregoing reasons, the memorandum and recommendation [DE 28] is ADOPTED. Defendant's motion to dismiss [DE 14] is GRANTED IN PART and DENIED IN PART. Plaintiff's state law claims are DISMISSED without prejudice. Plaintiff's hostile work

2

environment and constructive discharge claims are DISMISSED. Plaintiff's ADA claims for disparate treatment, failure to accommodate, and retaliation may proceed.

SO ORDERED, this 28 day of August 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE